UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**DONNA M. EZOVSKI**
      Plaintiff

v.                                             C.A. NO.

**OCEAN STATE TRANSIT, LLC.**
      Defendant

## **COMPLAINT**

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **DONNA M. EZOVSKI** (hereinafter "Plaintiff" or "EZOVSKI") against **OCEAN STATE TRANSIT, LLC**, (hereinafter "Defendant" or "Employer") in order to remedy and seek relief for sexual harassment and discrimination based on gender, and retaliation in regard to terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and 2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 42-112-2; R.I.G.L. 28-5-24.1.

2.  Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims.  Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.  This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Pursuant to 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), venue is proper in this district because:

   a.    The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

   b.    all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's principal place of business: 117 Metro Center Blvd., Suite 2001, Warwick, RI 02886 .

   c.    the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant at the Warwick, Rhode Island location, but for the Defendant's unlawful practices.

4.  On or about June 19, 2019, Ezovski filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal

Employment Commission ("EEOC"), alleging that she had been subjected to acts of sexual harassment and had been discriminated against on the basis of her gender and retaliated against.

5.   The RICHR and the EEOC subsequently issued Notice of Right To Sue. (Attachment A)

6.   Plaintiff has filed this action within ninety (90) days of her receipt of federal and state Right to Sue notifications, and has fulfilled all conditions precedent to the institution of this action under federal and/or state law.

## THE PARTIES

7.   The Plaintiff, Donna Ezovski ("Ezovski" or "Plaintiff"), an individual, is a resident of the City of Cranston, Rhode Island.

8.   Plaintiff is a "person" within the meaning of R.I.G.L. §§28-5-6 (1) and R.I.G.L. 42-112-1, et seq.; is an employee within the meaning of 42 U.S.C.S. 2000e(f) and R.I.G.L. 28-5-6 (C); and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a).

9.    On information and belief, the Defendant, Ocean State Transit, LLC ("Defendant" or "the Employer"), is a domestic corporation with an executive office in Warwick, Rhode Island.

10.    Plaintiff was employed as a bus monitor at the Defendant's Warwick, RI location.

11.    At all times material to the allegations of this Complaint, Defendant has continuously, and does now, employ at least 100 or more employees in the State of Rhode Island.

12.    At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

13.    At all times material to the allegations of this Complaint, the Defendant was and is an "Employer" or otherwise come within the provisions of federal and state statutes pertinent to this action, including the RIFEPA, Title VII, the Rhode Island Civil Rights Act, and any other pertinent statutes.

14.    Plaintiff is an "individual" within the meaning of pertinent provisions defining that term under pertinent federal and state statutes and as that term in applicable to pertinent provisions of Title VII.

15.    At all times material to this action, the Defendant was an Employer or was otherwise subject to the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment

Practices Act).  At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

## FACTS APPLICABLE TO EACH COUNT

16.     Plaintiff is a female.

17.     At the time of the incidents cited in this Complaint, Plaintiff was 68 years of age.

18.     Plaintiff worked for the Defendant for approximately 15 years in the position of a Bus Monitor.  In that position, Plaintiff's job duties included aiding in the bus transportation for children.

19.     At all times, Plaintiff performed her duties in a satisfactory manner, meeting or exceeding the Employer's legitimate expectations.

20.     On Friday, January 18, 2019, Plaintiff was subjected to a sexual assault and battery perpetrated by her male co-worker, a Bus Driver ("Driver") who forcibly grabbed her, flipped her over the arm of a chair and repeatedly spanked her buttocks.

21.     In his capacity as Bus Driver, the Driver had the authority to exert meaningful control over the terms and conditions of Plaintiff's Employment.

23.     Driver's conduct placed Plaintiff in fear for her safety and well-being.

22.     This incident was witnessed by the Bus Yard Manager, as well as another individual who was training for a managerial position.

25.     Neither witness took any action in response to the assault and battery against the Plaintiff and did nothing to assist her. Rather, the witnesses, both employees of the Defendants, just watched and did nothing.

26.     The Driver was allowed to return to his duties, duties that included working with children, without admonition of any kind.

27.     The Plaintiff did not encourage, welcome or participate in the misconduct cited in Paragraph 20.

28.     After the assault and battery, Driver was allowed unfettered access to the workplace and able to freely interact with the Plaintiff and children.

29.     On the following Monday, the Plaintiff returned to work, only to be met with further harassment from the Driver. The Driver taunted her with a suggestive comment, "Hey Donna, do you wanna?" This comment was heard by numerous witnesses.

30.     Plaintiff continued to be harassed and retaliated against by the Driver and by other employees, who ridiculed her because she was upset about the assault and battery that had occurred.

31.     The Driver began maliciously taunting her, by telling co-employees "Donna is mad at me…." rallying other employees to alienate, ostracize and retaliate against the Plaintiff.

32.     On January 22, 2019, the Driver forcibly grabbed Plaintiff's arm in an effort to engage her in conversation.

33.     Plaintiff notified her Union representative of the above conduct and retaliation.

34.     On January 23, 2019, Plaintiff was informed that the Driver was suspended for one day.

35.     On January 25, 2019, Plaintiff filed a police report with the South Kingstown, RI Police Department detailing the assault and battery described in Paragraph 20.

36.     Subsequent to the workplace incidents cited above, a company representative came to interview the Plaintiff. Rather than take decisive and immediate action, the company representative asked the Plaintiff what *Plaintiff* wanted the company to do.

37.     Plaintiff had already been confronted by at least one angry co-worker for allegedly getting the Driver fired (although he had not been fired, he had only been suspended for a day), and the Plaintiff was experiencing severe backlash from her co-workers.

38.     When Plaintiff gave her report to the company representative, she was warned that this representative was "well liked in the community and there could be some backlash."

39.     Thereafter, the perpetrator was terminated.

40.     After the perpetrator was terminated, the Plaintiff continued to suffer recriminations from certain employees for being the impetus to this individual's termination and because she asserted her rights to a lawful work environment.

41.     Plaintiff was further ostracized in the workplace to the point that many of her coworkers refused to interact with her.

42.     The terms and conditions of Plaintiff's workplace were drastically impacted to the extent that she was compelled to go on a medical leave from work and file a workers' compensation claim.

43.     Plaintiff's treating provider diagnosed her with PTSD and stated that the Plaintiff continued to have "…intrusive thoughts about the attack but also the poor treatment by her boss and some other members of the work force since the man who attacked her was popular by many and was eventually fired by the company."

44.     Plaintiff was unable to return to work due to the failure of the Employer to provide a safe and lawful work environment including but not limited to allowing its employees to harass, mistreat, and retaliate against the Plaintiff with impunity.

45.     The Plaintiff received full unemployment compensation benefits on the basis that she left her position with good cause as the job was untenable. The Plaintiff was constructively discharged.

46.     With respect to Plaintiff's Charge of Discrimination, on May 18, 2020, the RI Commission for Human Rights made a finding of probable cause that discrimination occurred.

47.     The Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal laws intended to prevent employment discrimination based on gender, and have retaliated against the Plaintiff for reporting to the Employer and the South Kingstown Police Department what she

reasonably perceived to be misconduct in the workplace as well as potential violations of state and federal law(s).

48.    The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff.  Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff.  The Defendant knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender and retaliated against her.

49.    On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of Defendant, with respect to the allegations of this Complaint, and the Defendant knew or should reasonably have known of their unlawful conduct.

50.    The wrongful actions by Defendant that Plaintiff complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. 42-112-1 ET SEQ.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**CONSTRUCTIVE TERMINATION**
**RETALIATION**

51.     Paragraphs 1-50, above, are herein incorporated by reference in their entirety.

52.     By its conduct, Defendant has discriminated against Plaintiff on the basis of her sex, in the terms and conditions of her employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a.     interfering with her right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.     depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.     retaliating against the Plaintiff for reporting what she reasonably believed to be conduct that was in violation of state and/or federal law(s);

d.     treating her in a hostile manner, and forcing her to work in a hostile, demeaning, and sexually-threatening environment based on her sex; and

e.     causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her reputation and professional mobility.

53.    As the direct, foreseeable, and intended result of Defendant's unlawful discrimination, Plaintiff has suffered lost wages, benefits, irreparable harm to her good and valuable personal and professional reputation, as well as other damages, now and in the future, including severe and extreme emotional distress, with resulting physical and emotional manifestations.

54.    The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, Defendant:

a.) subjecting Plaintiff to discriminatory terms and conditions of employment because of her gender, and creating and tolerating a hostile work environment;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender;

c.) constructively terminating Plaintiff.

55.    But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory terms and conditions of employment, created and tolerated a hostile work environment, retaliated against her, or constructively terminated her.

56.     The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender.  The Defendant's conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**CONSTRUCTIVE TERMINATION**
**RETALIATION**

57.     Paragraphs 1-50 above are herein incorporated by reference in their entirety.

58.     Defendant willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

59.     The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

60.     The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender and an intent to retaliate against her.  Such practices include, but are not limited to, Defendant:

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

d.) constructively terminating Plaintiff.

61.    But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by the RIFEPA.

62.  The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT  III**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000, ET SEQ.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**CONSTRUCTIVE TERMINATION**
**RETALIATION**

63.    Paragraphs 1-50 above are herein incorporated by reference in their entirety.

64.     Defendant willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

65.     The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

e.)  interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

f.)  depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

g.)  treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

h.)  causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

66.  The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender.  Such practices include, but are not limited to, Defendant:

a.)  subjecting Plaintiff to discriminatory terms and conditions of employment;

b.)  creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender;

c.)  retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender; and

d.) constructively terminating Plaintiff.

67.    But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

68.  The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION

69.    Paragraphs 1-50 above, are incorporated herein, by reference, in their entirety.

70.    Defendant owed a duty of care and responsibility to the Plaintiff, regarding its agents, supervisors, managers, and others with supervisory control, including Driver.  Said duty required the Defendants to:

a.  properly train its agents, supervisors, and managers;

b.  exercise reasonable supervision and monitoring of the conduct of said individual(s).

71.     The Defendant breached the duty of care owed to the Plaintiff to exercise the skills, ability, and care customarily exercised by employers in similar circumstances, in the hiring, training, supervision, and monitoring of the reasonable performance of their agents, supervisors, and managers.

72.     As the direct, foreseeable, and intended result of the Defendant's tortious conduct, the Plaintiff has suffered emotional and physical harm and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT V
## THE RI WHISTLEBLOWERS' PROTECTION ACT
## TITLE 28
## SECTION 28-50-1

73.     The allegation in paragraphs 1-50, above, are incorporated herein by reference, in their entirety.

74.    The Defendant's conduct in subjecting Plaintiff to a hostile environment, retaliating against her and constructively discharging her was motivated by an intent to discriminate against the Plaintiff and retaliate against the Plaintiff because, *inter alia*, she reported to her supervisor and to the South Kingstown Police Department conduct which she knew or reasonably believed to be a violation of her rights under federal and/or state law, or which represented an existing or imminent violation of state or federal law.

75.    But for the Defendant's intent to retaliate against the Plaintiff because of her conduct referenced in the previous paragraph, Defendant would not have retaliated against the Plaintiff, subjected her to discriminatory terms and condition of employment, or constructively terminated her.

76.    Defendant's conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

77.    As a result of Defendant's unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendant make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.


### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.


Respectfully Submitted,
Donna Ezovski
By Her Attorney,

*/s/ Stephen T. Fanning*
_____
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
 401-272-4520 (FAX)